E. MOCH CO. v. SECURITY BANK OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    July 10, 1913.)

1. BANKS AND BANKING (§ 175*)—ACTION FOR MISAPPROPRIATION—NOTICE OF PLAINTIFF'S INTEREST.
    A complaint alleging that a third person sent his check payable to the order of plaintiff company, that the president of the company received it, indorsed thereon the company's name, and his own name, and deposited it to his personal account in defendant bank, which collected the proceeds and placed it to such personal account, and paid it out on the president's personal checks, that the check and proceeds were so credited and withdrawn without authority and with notice sufficient to put the bank on inquiry which would have disclosed that the check was collected and applied to the president's personal use without authority, stated a cause of action.
    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 634–652; Dec. Dig. § 175.*]

2. BANKS AND BANKING (§ 175*)—ACTION FOR MISAPPROPRIATION—EVIDENCE—EVIDENCE ADMISSIBLE UNDER PLEADING—NOTICE.
    The averment in such complaint that defendant had "notice putting it upon inquiry which it failed to make which would have disclosed that it was placed to the personal account of" the president of plaintiff company "without authority" was an allegation of the ultimate fact sufficient to permit detailed evidence thereof, so that by any competent proof plaintiff might show such notice on defendant's part as would charge it with liability.
    [Ed. Note.—For other cases, see Banks and Banking, Cent. Dig. §§ 634–652; Dec. Dig. § 175.*]
    Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by the E. Moch Company against the Security Bank of New York. From an order denying a motion on behalf of the defendant for judgment on the pleadings, defendant appeals. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Herman B. Goodstein, of New York City, for appellant.
William Bondy, of New York City, for respondent.

CLARKE, J. [1] The complaint sets forth that the plaintiff is a domestic corporation; that the defendant corporation is a bank organized under the laws of the state of New York; that through a change of name and merger it is the successor of the Fourteenth Street Bank, and liable for all its debts and obligations; that on or about November 13, 1908, Sears, Roebuck & Co. for valuable consideration, in due course of business, drew, signed, and sent to the plaintiff its check on

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the Chase National Bank, payable to the order of E. Moch Company, for $4,358.55; that on or about November 17, 1908, Eugene Moch, who, at said time, was the president of the said E. Moch Company, received said check and indorsed thereon "E. Moch Company," and thereunder "Eugene Moch," and thereafter deposited the check to his personal credit and account in the said Fourteenth Street Bank; that the said bank accepted said check, and placed it to his personal credit and account; that it collected the check and placed the proceeds thereof to the personal credit of Eugene Moch; that since November 17, 1908, and prior to the commencement of this action, the said bank applied the proceeds thereof in payment of checks drawn against the proceeds thereof by the said Eugene Moch personally for his personal benefit, and thereby misappropriated the proceeds thereof to the personal use of Eugene Moch; that the said check and the proceeds thereof were placed to the personal credit and account and the proceeds thereof withdrawn and paid for his personal benefit without authority; that the said bank accepted and collected said check with notice that the said check and the proceeds thereof were the property of the plaintiff and with notice putting it upon inquiry which it failed to make, which would have disclosed that the same was placed to the personal credit and account of Eugene Moch and collected, and the proceeds thereof withdrawn, paid, and appropriated for the personal use of said Moch without authority; that there is now due and owing from the defendant to the plaintiff the said sum for which it demands judgment.

Although an answer was interposed, it is not here material as this motion was made to test the sufficiency of the complaint. The Special Term held that the complaint stated a good and sufficient cause of action.

[2] The determination of this case depends, not upon a question of proof, but of pleading. The appellant admits in its reply that the phrase, "with notice that the said check and the proceeds thereof were the property of the plaintiff," is sufficient to permit proof of the facts which in the opinion of the plaintiff constituted said notice. It seems to us that the allegation, "and with notice putting it upon inquiry which it failed to make, which would have disclosed that the same was placed to the personal account of Moch * * * without authority," is likewise the allegation of the ultimate fact and sufficient to permit the detailed evidence thereof. To state the proof tending to establish those facts would be to offend against the rule of pleading which requires the statement of ultimate facts and not intermediate and evidentiary facts. We think the complaint is sufficient. Under it, the plaintiff will be entitled to show, if it can, by any competent proof, such notice and knowledge on the defendant's part as would charge it with liability.

The order appealed from should be affirmed, with $10 costs and disbursements to respondent.

INGRAHAM, P. J., and McLAUGHLIN and LAUGHLIN, JJ., concur. SCOTT, J., dissents.